IN THE DISTRICT COURT OF OKLAHOMA COUNTY

STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 17 2013

TIM RHODES
COURT CLERK

BETTE WILLIAMS & DENNY WILLIAMS

PLAINTIFFS

CJ-2013-5185

CASE NO. CJ-2013-

VS.

SAFECO INSURANCE COMPANY OF AMERICA

LIBERTY MUTUAL GROUP

LBV INSUARANCE, LLC

NCA GROUP

JEFF ROBERTS

## PETITION

### FIRST CAUSE OF ACTION

THE PLAINTIFFS, FOR ITS FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, ALLEGES AND STATES AS FOLLOWS:



EXHIBIT "2"



1. A HOMEOWNERS INSURANCE WAS PURCHASED THROUGH LBV INSURANCE,LLC, EFFECTIVE NOVEMBER, 15,2012. THE AGENCY CHOSE SAFECO INSURANCE TO BE THE UNDERWRITER. SAFECO INSURANCE IS A LIBERTY MUTUAL COMPANY
2. INSURANCE PAYMENTS ARE INCLUDED IN THE MORTGAGE PAYMENT , WHICH IS AUTOMATICALLY DRAFTED FROM PLAINTIFFS BANK ACCOUNT, AND HAVE ALWAYS BEEN PAID ON A TIMELY BASIS.
3. ON APRIL 26,2013, A SEVERE HAIL STORM HIT THE PLAINTIFFS HOME, CAUSING SEVERE DAMAGE TO THE ROOF. NUMEREOUS LICENSED EXPERTS HAVE INSPECTED THE RESIDENCE AND THEY ALL AGREE THE ROOF NEEDS TO BE REPLACED. SWORN AFFADAVITS WILL BE AVAILABE TO THAT EFFECT.
4. THE PLAINTIFFS CONTACTED SAFECO INSURANCE COMPANY ON OR ABOUT MAY 7,2013. THE DEFENDANTS SENT THEIR REPRESENTATIVE TO INSPECT THE ROOF ON MAY 16,2013.THE INSPECTOR PREPARED A REPORT FOR A REPAIR, NOT RELACEMENT.
5. PLAINTIFFS REQUESTED A 2ND OPINION FROM THE DEFENDANTS, AT WHICH TIME THEY SENT A SO CALLED 3RD PARTY TO DO THE INSPECTION. THIS INSPECTION WAS PERFORMED ON JUNE 13,2013. JEFF ROBERTS, A REPRESENTAIVE OF NCA GROUP PERFORMED THE INSPECTION.
6. MR.ROBERTS MET WITH A LICENSED PROFESSIONAL ROOFING COMPANY, MOOMBA ROOFING, AND THEY INSPECTED THE ROOF TOGETHER. MR. ROBERTS INFORMED BOTH THE ROOFING COMPANY AND THE DEFENDANTS THE ROOF NEEDED TO BE REPLACED. THE DEFENDANT, MR. ROBERTS, STATED HE

WOULD E-MAIL BOTH THE DEFENDANTS AND MOOMBA ROOFING AN AMMNEDED INSPECTION REPORT WITHIN A FEW DAYS.

7. APPROXIMATELY 10 DAYS ELAPSED WITHOUT DEFENDANTS RECEIVING AN AMMENDED REPORT, THEREFORE PLAINTIFFS CONTACTED THE DEFENDANTS FOR AN UPDATED STAUTUS. THE DEFENDANTS NOTIFIED THE PLAINTIFFS THERE WOULD BE NO CHANGE IN THE INSPECTION REPORTS, AS DEFENDANT ROBERTS REPORT DID NOT REFLECT WHAT HE HAD TOLD THE DEFENDANT AND MOOMBA ROOFING.
8. THE DEFENDANTS STATED FROM THEIR STANDPOINT, THE CASE WAS CLOSED.
9. DEFENDANTS HAVE NOT DEALED IN GOOD FAITH, AND HAVE NOT HONERED THE INSURANCE POLICY PURCHASED BY THE DEFENDANTS.

10. NUMEROUS EFFORTS HAVE BEEN MADE BY DEFENDANTS TO RESOLVE THIS MATTER. MOOMBA'S ESTIMATE TO REPLACE THE ROOF IS $16,000. TO DATE, THE PLAINTIFFS HAVE PAID A NET SUM OF $777.43 FOR REPAIR OF THE ROOF. DEFENDANTS ESTMATED THE REPAIR TO BE IN THE AMOUNT OF $3,050.43. PLAINTIFFS DEDUCTIBLE IS $2,273.

11. DEFENDANTS OWE PLAINTIFFS $12,949.57 IN ACTUAL COST TO RELACE THE ROOF PROPERLY.

THIS LAWSUIT IS BASED ON VIOLATIONS OF THE OKLAHOMA INSURANCE CODES. ALSO, VIOLATIONS OF THE OKLAHOMA DECEPTIVE TRADES PRACTICES CONSUMER PROTECTION ACT. ALSO, BREACH OF INSURANCE POLICY CONTRACT. DEFENDANTS

ALSO VIOLATED OKLAHOMA LAW BY FAILING TO ATTEMPT IN GOOD FAITH TO EFFECTUATE PROMPT AND EQUITABLE SETTLEMENT WITH RESPECT TO THE ROOF OF PLAINTIFF'S HOME FOR WHICH THE PLAINTIFFS WERE SEEKING INSURANCE BENEFITS.

LAWSUIT FURTHER ALLEGES THE INSURANCE COMPANIES :

*REFUSE AND CONTINUE TO REFUSE TO PAY PLAINTIFFS THE INSURANCE BENEFITS TO WHICH THEY ARE ENTITLED UNDER THE POLICIES AS RESULT OF THE HAIL STORM.

*IGNORED COMMUNICATION FROM PLAINTIFFS ANF FAILED TO TIMELY RESPOND TO COMMUNICATIONS FROM PLAINTIFF.

*FAILED WITHIN A REASONABLE TIME TO AFFIRM OF DENY COVERAGE WITH RESPECT TO PLAINTIFF'S ROOF DAMAGE.

*MISREPRESENTED FACTS OF THE INSPECTIONS BY DOCUMENTING FRAUDULANT AND ERRONEOUS INFORMATION BETWEEN PARTIES, i.e. NAC AND SAFECO.

*FAILED TO PROVIDE PLAINTIFF WITH COMPLETE RESULT OF INSPECTION FINDINGS UPON COMPLETION BY THIRD PARTY (NAC) UPON REQUEST.

*REFUSED TO PAY CLAIM EVEN AFTER THE THIRD PARTY INSPECTOR, (NAC) ADVISED PLAINTIFF AND LICENSED EXPERTS THE ROOF WAS TOTALED.

*MR. HUDSON, COMPELLED AND CHALLENGED , I WILL EMPHASIZE CHALLENGED, THE PLAINTIFFS TO FILE A LAWSUIT TO RECOVER BENEFITS DUE UNDER POLICY BY OFFERING SUBSTANTIALLY LESS THAN AMOUNT OWED.

*FAILED TO TIMELY COMPLETE THEIR INVESTIGATION, TREATING PLAINTIFFS AS ENEMIES RATHER THAN CLIENTS.

* FAILED TO, UPON NUMEROUS REQUESTS TO PROVIDE A

 PHYSICAL ADDRESS FOR THE DEFENDANTS MAIN OFFICE IN DALLAS, TEXAS. THEY WOULD ONLY PROVIDE A P.O BOX IN L.A.,CA. HOW BIZARRE???


IN ADDITION, THE DEFENDANT'S MISCONDUCT WAS COMMITTED KNOWINGLY AND INTENTIALLY. THEY ARE ALSO PREYING ON THE ELDERLY AND DISABLED. MS. WILLIAMS IS 83 YEARS OF AGE, AND MR. WILLIAMS IS 61 YEARS OF AGE. BOTH ARE 100% DISABLED. AS A RESULT, PLAINTIFFS ARE NOT ONLY SEEKING ACTUAL DAMAGES IN THE AMOUNT OF $12,949.57, BUT THREE TIMES THE AMOUNT OF THOSE DAMAGES UNDER APPLICAPLE OKLAMOMA LAWS DESIGNED TO PROTECT OKLAHOMANS IN SITUATIONS LIKE THIS.


WHEREFORE, PLAINTIFF PRAYS THAT IT HAVE AND RECOVER JUDGEMENT AGAINST THE DEFENDANTS IN THE AMOUNT OF $12,949.57 FOR ACTUAL DAMAGES, TOGETHER WITH INTEREST THEREON AT THE RATE OF 21% PER ANNUM FROM 5/16/2013,  OR OR UNTIL PAID, PLUS $32,000 IN ADDITONAL DAMAGES FOR A TOTAL SUM OF $44,919.57.  AND WHEN COUNCIL IS RETAINED, ALL REASONABLE ATTORNEY'S FEES TO BE FIXED BY THE COURT

AND TAXED AS A PART OF THE COSTS OF THIS ACTION; AND FOR ALL OTHER COSTS OF THIS ACTION AND SUCH FURTHER RELIEF AS PLAINTIFF MAY BE ENTITLED IN THE PREMISES. ALSO, PLAINTIFF RESERVES THE RIGHT TO ADD TO DEFENDANTS IN REGARDS TO THIS MATTER, AND REQUEST A JURY TRIAL.

        DENNY WILLIAMS, PRO SE

        16101 SENOMA DRIVE

        EDMOMD, OK. 73013

        405-216-3677

*/s/ Denny Williams*



